*E-filed on*:   9/5/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM B. BURLEIGH<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MONTEREY, A Public Entity, and DOES 1 to 20<br><br>    Defendants. | No. C-07-02332 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT; DENYING MOTION FOR SANCTIONS<br><br>**[Re Docket No. 9]** |

Since October 8, 2003, defendant County of Monterey ("The County") and plaintiff William Burleigh have been involved in an action in Monterey County Superior Court, Case No. M672067, in which the County alleges various zoning violations in connection with Burleigh's building a caretaker's cottage on his property in Big Sur, California. In the state action, Burleigh cross-complained, alleging, *inter alia*, civil rights violations. The Monterey County Superior Court dismissed Burleigh's claims against the County. By separate action, Burleigh now seeks a writ of mandate. On April 30, 2007, the County removed the Burleigh's petition to federal court on the basis of federal jurisdiction. Burleigh, proceeding *pro se*, moves to remand this action to state court and for sanctions.

In his petition for writ of mandate, Burleigh alleges the County violated 42 U.S.C. § 1983 by

(1) concealing from the public Cal. Gov't Code § 65852.2 (known as the "Granny Flat Statute") that might be invoked to permit building projects on similarly-zoned property, (2) denying him equal protection by preventing him from enjoying the benefits of the Granny Flat Statute, and (3) denying him due process by delaying and harassing him to stop him from developing his property.  In addition to an order compelling defendants to grant all necessary permits to him and a declaration that his property is not zoned residential, Burleigh seeks compensatory damages, punitive damages, attorney's fees and an order that the County grant permits to all applicants that satisfy the standards of the Granny Flat Statute.

Although titled as a petition for writ of mandate and, according to Burleigh, involving predominantly land use issues, the petition that Burleigh seeks to remand to state court sets forth three causes of action under 42 U.S.C. § 1983, over which this court's obligation to exercise jurisdiction is "particularly weighty."  *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir. 1989) (citing *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979)) ("When rights are asserted under section 1983, federal courts' 'unflagging obligation' to exercise their jurisdiction is 'particularly weighty.'").  Therefore, the court DENIES Burleigh's motion to remand this action to state court. Because the County's removal was meritorious and ultimately successful, no grounds for awarding sanctions exist.  Burleigh's motion for sanctions is likewise DENIED.

DATED:       9/4/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on     9/5/07                     to:**

**Plaintiff (pro se):**

William Burleigh
1 Paso Hondo
Carmel Valley, CA 93924


**Counsel for Defendants:**

Frank G. Tiesen
Office of the County Counsel
County of Monterey
168 W. Alisal Street, Third Floor
Salinas, CA 93901-2680
Email: tiesenf@co.monterey.ca.us


Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

DATED:     9/5/07                                    /s/ MAG
                                              Chambers of Judge Whyte