*E-filed on*: 2/15/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| WILLIAM B. BURLEIGH | No. C-07-02332 RMW |
|---|---|
| Plaintiff, | |
| v. | ORDER CONTINUING BRIEFING AND HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COUNTY OF MONTEREY, A Public Entity, and DOES 1 to 20 | |
| Defendants. | **[Re Docket No. 46]** |

Since October 8, 2003, defendant County of Monterey ("the County") and plaintiff William Burleigh, a retired judge proceeding *pro se*, have been involved in an action in Monterey County Superior Court, Case No. M672067, in which the County alleges various zoning violations in connection with Burleigh's building a caretaker's cottage on his property in Big Sur, California. In the state action, Burleigh cross-complained, alleging, *inter alia*, civil rights violations. The Monterey County Superior Court dismissed Burleigh's claims against the County. By separate action, Burleigh sought a writ of mandate regarding his dismissed civil rights claims. On April 30, 2007, the County removed the Burleigh's petition to this court on the basis of federal jurisdiction. The court denied Burleigh's motion to remand on September 5, 2007.

On September 4, 2007, the court entered a scheduling order setting the following dates:

| | |
|---|---|
| Completion of non-expert discovery: | November 5, 2007 |
| Completion of expert discovery: | May 2, 2008 |
| Hearing for motions directed to the merits: | February 8, 2008 |
| Pretrial conference: | May 15, 2008 |
| Trial: | June 2, 2008 |

On January 4, 2008, the County filed a motion for summary judgment, setting the matter for hearing on February 8, 2008.[1] Because of the court's unavailablity, the hearing was continued by the court to February 22, 2008. On January 25, 2008, the County filed a notice of non-opposition, informing the court that Burleigh had not filed an opposition to its motion. Burleigh then moved on January 28, 2008 to continue this matter for 6 to 8 weeks. He contends that he requires additional discovery to respond to the County's motion for summary judgment, the County has not given him enough time to research the issues, he believes there "are still parties defendant to serve, and depose, which may affect the motions," and the County has filed a lengthy demurrer and motion to strike in the state court action that is currently set for hearing for February 19, 2008 – three days before the hearing on the motion for summary judgment in this matter.

According to Burleigh, the parties have stipulated that discovery in the state action may be used in the instant federal action. Burleigh contends that the County has engaged in misconduct that has produced delays in discovery. Specifically, Burleigh asserts that he was required to interrupt two depositions of important witnesses to move the state court to compel answers from the County. He states that his motion was successful and that sanctions were awarded, but that the depositions have not yet been rescheduled by the County. Burleigh also informs that court that the deposition of another important witness, Alana Knaster, started in September 2007, has not yet been rescheduled by the County.

The County opposes Burleigh's motion for continuance. The County's counsel clarifies that although the parties have agreed that depositions taken in either the state or federal action, there was no

---

[1] Although the County filed a proof of service on January 4, 2008 certifying that it had transmitted the motion for summary judgment and supporting papers to Burleigh by U.S. Mail and by e-mail, see Docket No. 34, Burleigh indicates that he did not receive a copy of this motion until January 21, 2008.

1 | stipulation concerning the modification of deadlines established by the courts September 4, 2007
2 | scheduling order. Although the County appears to acknowledge that the deposition of Alana Knaster
3 | was not completed, it asserts that any additional discovery from her would not advance the resolution
4 | of the issues presented by its motion for summary judgment. The County also believes that Burleigh's
5 | motion for continuance includes an implied request to amend the complaint to include additional
6 | defendants.

Without taking any position on the parties' discovery dispute, the court finds there is good cause to continue the hearing on the County's motion for summary judgment to permit Burleigh, who is proceeding *pro se* and without a staff to assist him, additional time to oppose to the motion. Further, upon reviewing the scheduling order, there appears to be sufficient time to continue the hearing on the County's motion for summary judgment without impacting the trial dates currently set in this matter. The court will thus continue the hearing on the County's motion for summary judgment from February 22, 2008 to Friday, April 11, 2008 at 9:00 a.m. Burleigh's opposition will be due 21 days before the hearing (March 21, 2008); the County's reply will be due 14 days before the hearing (March 28, 2008). By this order, the court does not intend to permit the parties to reopen non-expert discovery, which was to be completed by November 5, 2007, nor does it suggest that Burleigh will be permitted to amend his complaint to add further defendants to the instant action. Unless the court otherwise orders, all dates, including the pretrial and trial dates, shall remain as set in the court's September 4, 2007 scheduling order.

DATED: 2/15/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on**   **2/19/08**   **to:**

**Plaintiff (pro se):**

William Burleigh
1 Paso Hondo
Carmel Valley, CA 93924

**Counsel for Defendants:**

Frank G. Tiesen
Office of the County Counsel
County of Monterey
168 W. Alisal Street, Third Floor
Salinas, CA 93901-2680
Email: tiesenf@co.monterey.ca.us

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

DATED:   2/15/08                                    /s/ MAG
                                                Chambers of Judge Whyte