**\*E-FILED 5/7/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM B. BURLEIGH,<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF MONTEREY,<br><br>    Defendant. | No. C07-02332 RMW (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>[Re: Docket No. 68] |

On May 6, 2008, this court heard the "Motion to Compel Answers to Deposition Questions and Interrogatories" filed by pro se plaintiff William Burleigh. Defendant County of Monterey ("County") opposed the motion. Upon consideration of the moving and responding papers, as well as the arguments presented, this court denies the motion.

This lawsuit arises from Burleigh's construction of a caretaker's cottage on his property in Big Sur, California. Since 2003, Burleigh and the County have been embroiled in litigation in Monterey County Superior Court in which the County reportedly alleges various zoning violations. In that action, Burleigh reportedly cross-complained, and the state court subsequently dismissed his claims against the County.

On April 4, 2007, Burleigh filed a petition in state court for a writ of mandate. On April 23, 2007, the County removed that matter to this court on the basis of federal jurisdiction. Burleigh claims that the County has violated his civil rights under 42 U.S.C. § 1983. In

essence, he alleges that the County wrongfully concealed from the public Cal. Govt. Code § 65862.2 (known as the "Granny Flat Statute"), improperly denied him the benefit of that statute and harassed him in an effort to delay or halt his development of his property.

**A.     Motion to Compel Answers to Deposition Questions**

This portion of plaintiff's motion stems primarily from the deposition of Mike Novo. Novo is identified as the current County Planning Director who wrote a letter denying Burleigh's so-called "Second Unit" application. He was deposed by Burleigh at some point (apparently, in connection with the state court case). Following some motions practice in the state court, Novo's deposition was resumed on February 21, 2008.

Plaintiff says that, on the eve of the second deposition session, the County advised that Novo was being retained as a consultant in the state action. As such, the County took the position that plaintiff could not ask Novo any questions pertaining to issues in the state court case. However, the County said that, because Novo is a percipient witness in the federal action, plaintiff was free to ask him any questions concerning the instant lawsuit.

Plaintiff now seems to challenge Novo's designation as an expert consultant for the County and the County's instructions not to answer certain deposition questions on that basis. He also complains that the County has designated two other individuals – Shandell Brunk and Dale Ellis – as consultants in an effort to deprive him of any opportunity to depose them. Brunk is identified as a former County Planning Department employee who provided the original draft of the letter subsequently written by Novo. Ellis is identified as a retired Department Head with the County Building and Planning Department.

To the extent plaintiff seeks to compel Novo's testimony as an expert witness, his motion is denied. Novo has not been designated as an expert in the instant action, and this court cannot compel him to provide testimony in that capacity here. Insofar as plaintiff seeks to compel further deposition testimony of Novo as a percipient witness, his motion is denied. Upon review of the deposition transcript submitted to this court, it appears that plaintiff had a full and fair opportunity to depose Novo in his capacity as a percipient witness. The parties evidently disagree whether Novo should testify about twenty-one (or more) files which have

been described to this court as code enforcement files of other applicants from 2001-2003. (*See* Mot., Ex. A (Novo Depo. at 142:20-144:6)). These files reportedly do not concern the Granny Flat Statute. Plaintiff nonetheless contends that these files support his theory of retaliation because the County did not enforce alleged code violations against these other applicants in the same way, or to the same degree, that it has sought to enforce alleged code violations against him. However, based on the record presented, this court is unpersuaded that Novo's testimony about them is relevant or reasonably calculated to lead to the discovery of admissible evidence. *See* FED.R.CIV.P. 26(b)(1).

To the extent plaintiff seeks expert deposition testimony from Brunk, his motion is denied. The County says that Brunk has been designated as a consultant in the state court action only. The court is informed that Brunk has not been designated as an expert in the instant action, and it cannot compel her to provide testimony in that capacity here. Insofar as plaintiff moves to compel Brunk's deposition as a percipient witness, his motion is also denied. Fact discovery closed on November 5, 2007, and the time for filing motions to compel fact discovery expired on November 14, 2007. *See* CIV. L.R. 26-2 ("Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off . ..."). Plaintiff has not satisfactorily explained why he could not have sought Brunk's deposition sooner. Although plaintiff is proceeding pro se here, he is nonetheless obliged to adhere to rules that all litigants are required to follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties).

As for Ellis, the County represents that he is not a percipient witness to events at issue in either the state or federal actions. Even if he was, as discussed above, the deadline for moving to compel fact discovery in the instant lawsuit has passed. *See* CIV. L.R. 26-2. Ellis reportedly has been designated as a consultant in both the state case and the instant action. Discovery in the instant action is governed by federal, not state, procedural rules. Under the Federal Rules of Civil Procedure, a party ordinarily may not take discovery of experts who are not expected to testify at trial except as provided in Fed. R. Civ. P. 35(b) concerning reports of physical and

3

1 mental examinations (those are not an issue here), or upon a showing of "exceptional
2 circumstances under which it is impracticable for the party to obtain facts or opinions on the
3 same subject by other means." FED.R.CIV.P. 26(b)(4)(B). There has been no such showing by
4 plaintiff. Accordingly, his motion to compel Ellis' deposition testimony is denied.

**B. Motion to Compel Answers to Interrogatories**

Plaintiff says that, before the instant action was removed to this court, he served interrogatories that the County has never answered. He now moves to compel the County to answer them. The County contends that the pre-removal interrogatories are void and that it is too late, in any event, to move to compel answers to them.

It is clear that state court orders issued before removal remain in full force and effect after removal, unless they are vacated or modified by the court to which the action is removed. *See* 28 U.S.C. § 1450 (noting that in removed cases, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

It is questionable whether that same rule applies to discovery requests that are propounded before removal. Pre-removal discovery requests served in a state court action might be considered "other proceedings had in such action." However, at least one court, citing to 28 U.S.C. § 1450, has observed that discovery "is not a matter which remains with any force or effect after removal." *Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1531 (N.D. Cal. 1983), abrogation on other grounds recognized by *TUC Elec., Inc. v. Eagle Telephonics, Inc.*, 698 F. Supp. 35 (D. Conn. 1988)). At any rate, the deadline for filing motions to compel fact discovery lapsed several months ago, *see* Civ. L.R. 26-2, and plaintiff has not satisfactorily explained why he could not have moved to compel this discovery sooner. *See King*, 814 F.2d at 567. Accordingly, plaintiff's motion to compel answers to these interrogatories is denied.

IT IS SO ORDERED.

Dated: May 7, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:07-cv-2332 Notice has been electronically mailed to:**

Frank G. Tiesen tiesenf@co.monterey.ca.us, ontiveross@co.monterey.ca.us

**5:07-cv-2332 Notice has been delivered by mail to:**

William Burleigh
P.O. Box 503
Big Sur, CA 93920

William Burleigh
1 Paso Hondo
Carmel Valley, CA 93924