1

2

3

4                                                          *E-filed on*:  08/11/08

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12

13

14   WILLIAM B. BURLEIGH                    No. C-07-02332 RMW

15                  Plaintiff,

16          v.                             ORDER GRANTING IN PART AND
                                           DENYING IN PART DEFENDANT'S
17   COUNTY OF MONTEREY, a Public Entity,   MOTION FOR SUMMARY JUDGMENT
     and DOES 1 to 20
18                                          **[Re: Docket No. 31]**
                 Defendants.
19

20

21

22          Defendant the County of Monterey ("County") moves for summary judgment on plaintiff

23   William B. Burleigh's ("Burleigh") Petition for Writ of Mandate and Other Relief which seeks

24   redress for alleged violations of Burleigh's civil rights.  The court has considered the briefs, relevant

25   evidence, and oral argument made at the hearing on May 2, 2008.  The Court hereby grants the

26   motion in part and denies it in part without prejudice.

27

28

# I. BACKGROUND

Burleigh is the owner of a ten acre site in Big Sur, California, which has a land use designation of Watershed and Scenic Conservation under the Big Sur Coast Land Use Plan and is zoned WSC/40 (Watershed and Scenic Conservation/40 acres per unit).  In order to build a caretaker's cottage on the site he obtained a Coastal Development Permit on September 11, 2002 and a building permit on January 29, 2003.  After some hassles between Burleigh and the County concerning compliance with the project conditions, the County red-tagged the property, the Planning Commission revoked Burleigh's Local Coastal Development Permit and Burleigh was ordered to restore the property to its original condition.  Burleigh has never complied because he contends that the County's actions were discriminatory and in retaliation for his writing of an article criticizing the Planning Department.  On October 8, 2003, the County brought a code enforcement action against Burleigh in Monterey County Superior Court.  Burleigh cross-complained, alleging, *inter alia*, civil rights violations.  The Superior Court dismissed Burleigh's claims with leave to amend but Burleigh chose not to do so.

Burleigh apparently filed on February 21, 2006 an untimely notice of appeal of the Planning Commission's action taken April 8, 2003.  The untimeliness was reportedly confirmed by the state court.  As a way to get around his permit problems with his caretaker cottage project, Burleigh then filed an application with the County in early 2007 for a permit to build his cottage under California Government Code § 65852.2 ("Second Unit Law"), a statute governing applications made after July 1, 2003 for second units and authorizing a new procedure for such applications.  The statute provides in part:

> Any local agency may, by ordinance, provide for the creation of second units in single-family and multifamily residential zones.
>
> * * *
>
> When a local agency receives its first application on or after July 1, 2003, for a permit pursuant to this subdivision, the application shall be considered ministerially without discretionary review or a hearing . . . .
>
> * * *

> Nothing in this section shall be construed to supersede or in any way alter or lessen the effect or application of the California Coastal Act . . . except that the local government shall not be required to hold public hearings for coastal development permit applications for second units.

The County, through its Acting Planning Director, decided that Burleigh did not qualify under the section because his property was not "residentially zoned" as required by the statute.  Nevertheless, by letter dated March 22, 2007 from Monterey's County Counsel, Burleigh after being advised of the determination regarding his application under Government Code § 65852.2(b), was told that the Planning Department had determined that it would not be necessary for his site to be restored before proceeding with an application for amendment to his prior Coast Development Plan permit, subject to his providing certain requested information and satisfying certain conditions.  Burleigh apparently never did so.

On May 15, 2007 the County's Planning Director advised Burleigh in detail that the County did not believe that Government Code § 65852.2 applied to his property but that he could appeal that decision to the Planning Commission.  Burleigh chose not to do so.  Instead, he filed the current Petition for Writ of Mandate and Other Relief in state court, which the County removed on the basis that Burleigh's primary basis for relief is the alleged violation of  42 U.S.C. § 1983.

Burleigh's petition seeks relief in the form of, among other things, damages, a writ of mandate compelling the County to grant all necessary permits to him as required by Government Code § 65852.2 and a declaration that he does not have to appeal the County's determination that his property is not zoned residential.  He asserts three causes of action: (1) a violation of due process by concealing from him and the public the state mandate to issue permits under Cal. Gov't Code § 65852.2; (2) a denial of equal protection by preventing him and the public from enjoying the benefits of the Second Unit Law when citizens of other counties enjoy that privilege, and (3) denying him due process by delaying and harassing him to stop him from developing his property.

The County now seeks summary judgment arguing that Burleigh has not alleged a viable claim for the violation of an actionable constitutional right, that Burleigh's claim is not ripe and that no constitutional right was violated by the determination that Burleigh's property does not have a

1   "residential" zone classification.  Burleigh, proceeding *pro se*, opposes the motion.[1]

2   ## II. LEGAL STANDARD

3       A motion for summary judgment should be granted if there is no genuine issue of material

4   fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson*

5   *v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of

6   informing the court of the basis for the motion and identifying the portions of the pleadings,

7   depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a

8   triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

9       If the moving party meets this initial burden, the burden shifts to the non-moving party to

10  present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*,

11  477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents evidence from

12  which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve

13  the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d

14  1132, 1134-36 (9th Cir. 1991).

15  ## III. DISCUSSION

16  **A.    Relevant Time Period**

17      The County's moving papers first seems to suggest that Burleigh's claim is barred by the two

18  year statute of limitations for civil rights cases because Burleigh's claim should be viewed as an

19  attempt to cure a code violation that is more than two years old.  However, later in its papers and in

20  oral argument, it appears that the County's only reason for raising the statute of limitations is to limit

21  the time period in which the County's alleged wrongful conduct can subject it to liability, namely the

22  two years preceding the filing of the petition.  Since Burleigh's petition is based upon his application

23  ────────────────

24      [1]     Burleigh filed along with his opposition a "motion to strike."  Specifically, Burleigh
    seeks to strike a declaration of Interim Planning Director Mike Novo. The County treats Burleigh's
25  motion to strike as part of Burleigh's opposition and addressed it in its reply. Upon review, the
    motion to strike is a response to points raised by the County in its motion.  Motions to strike are
26  generally disfavored by courts. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D.Ca. 2001).  More
    importantly, Burleigh's objection is to Novo's opinion that the Second Unit Law does not apply to
27  his property.  The declaration, however, does state facts relevant to what happened and why and,
    therefore, the motion to strike is denied.

28

1   under the Second Unit Law which he filed in early 2007, and which County advised him on March

2   22, 2007 was rejected, the petition is not time barred.

3        At the hearing, the County's attorney stated that he was trying to establish that the facts

4   relevant to the case should be limited to those occurring on January 1, 2005 and thereafter.[2]

5   However, in both the memorandum in support of the motion for summary judgment and a

6   declaration he submitted to the court in support for the motion for summary judgment, the County's

7   attorney discusses at length Burleigh's inital application for a permit in 1999 and the state court

8   action between the County and Burleigh that began in 2003.  Thus, as the County's attorney himself

9   appears to acknowledge, facts occurring from 1999 onward may be relevant even though liability, if

10  any, can only be predicated on the rejection of his Second Unit Law permit application in 2007.  The

11  County's motion on statute of limitations grounds appears to actually be an *in limine* motion to

12  exclude evidence.  Therefore, the County's motion for summary judgment on statute of limitations

13  grounds is denied.

14  **B.    Substantive Allegations**

15       Burleigh alleges the County violated 42 U.S.C. § 1983 by: (1) concealing from him and the

16  public the Second Unit Law that citizens should be able to invoke to permit building projects on

17  similarly-zoned property: (2) denying him equal protection by preventing him from enjoying the

18  benefits of the Second Unit Law; and (3) denying him due process by delaying and harassing him in

19  order to stop him from developing his property under the Second Unit Law.

20       **1.    Concealing the Second Unit Law**

21        Burleigh's first claim that the County concealed from the public the Second Unit Law has no

22  legal support.  He neither explains how the County could conceal a state statute from him or the

23  County's citizens nor does he offer any authority that a County violates a constitutional right by

24  hiding a state law from its citizens.  Thus, the court finds that Burleigh's first cause of action fails to

25  state a claim upon which relief can be granted.

26  _____

27       [2]    It is unclear why the County picked January 1, 2005 as opposed to the two years prior
     to the filing of the petition.

28

2.      **Liability Under Monell**[3]

The County argues that Burleigh cannot establish a *prima facie* case of discriminatory

conduct against the County because there is no respondent superior liability under section 1983.

*Monell* establishes that a municipality can only be liable for enforcement of a municipal policy or

custom that causes the deprivation of a plaintiff's federal right and not solely upon the employment

of an individual who may be a constitutional tortfeasor.  436 U.S. at 691.

The County asserts that Burleigh cannot establish a *prima facie* case that the County has

violated his constitutional rights by the adoption of any County policy, custom, or practice.  The

County's reasoning is unclear.  The County appears to contend that the Planning Director's decision

on Burleigh's application under the Second Unit Law was the result of his personal interpretation of

the law and not the product of a policy, practice or custom of the County or the determination of a

final decision or policy-maker for the County.  It further points out that Burleigh had the right to

appeal to Board of Supervisors and even the Coastal Commission who had final decision making

authority.  The court, however, at least based upon the evidence offered, finds that if the County's

actions through its Planning Director with respect to Burleigh's permit application involved a due

process or equal protection violation, the County cannot avoid liability on the basis that the permit

decision was made by the Planning Director and implemented by the County.  *See Bouman v. Block*,

940 F.2d 1211, 1230-32 (9th Cir. 1991)(final decision-making authority presents a question of fact).

3.      **Ripeness**

The County alleges that Burleigh's due process and equal protection claims are not ripe

because he did not exhaust his administrative remedies.  The County denied Burleigh's permit under

the Second Unit Law after the Planning Director made a determination that Burleigh's property is

not considered to be zoned "residential," a necessary requirement for his permit.  The County asserts

that if Burleigh disagreed with the Planning Director's interpretation he should have appealed the

determination to the Planning Commission and, if necessary, to the Board of Supervisors and the

---

[3]       *Monell v. Dept. of Social Services*, 436 U.S. 658 (1979).

California Coastal Commission.  Because he did not, his claim is not ripe.[4]  In its brief, the County

argues that "[i]n land use cases involving application of zoning laws and regulations, the cause of

action is not ripe until the appropriate state body makes a final administrative ruling denying the

federal rights" (Mem. at 7:27-8:1) and cites *Williamson County Regional Planning Comm'n v.*

*Hamilton Bank of Jackson City*, 473 U.S. 182 (1985) for support.  *WCR* established a heightened

ripeness standard for takings cases.

      The flaw in the County's position is that Burleigh does not appear to be making a takings

claim.  The Ninth Circuit requires a final decision for a due process claim if it relates to, or arises

from, a takings claim.  *Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1146 (9th Cir.

1986).  Procedural due process and substantive due process and equal protection claims do not

involve takings.  *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 831 (9th

Cir. 2003); *see also Triple G Landfills, Inc. v. Board of Commissioners,* 977 F.2d 287, 289 (7th Cir.

1992) (explaining why a final decision is not necessary for challenging permit requirements).  For

these types of claims, the traditional determination of ripeness applies, specifically whether the

relevant issues are sufficiently focused so as to permit judicial resolution without further factual

development and whether the parties would suffer any hardship by the postponement of judicial

action.  *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

      Regarding the first prong of the ripeness test, the County asserts that the issues here are not

sufficiently focused because the Costal Commission has not had a chance to weigh in on Burleigh's

permit.  The County argues that Burleigh's claim is unripe because "[u]nder AB 1866 the Coastal

Commission's right to a full hearing on appeals to assure compliance with the Locals Coastal

Development Code and the Commissions regulations, remains in full force and effect.  Here

Burleigh has circumvented the opportunity of the County and the Coastal Commission to fully

consider if the Director's decision was correct by filing his 1983 action."  Mem. at 9:3-7.

---

    [4]      The County asserts that Burleigh was advised of his right to appeal the Planning Director's decision by two letters.  First, the County states that a deputy county counsel sent Burleigh a letter on March 22, 2007.  In addition, on May 15, 2007, the Planning Director sent a letter to Burleigh advising him of his rights.

1    For support, the County cites *Manufactured Home Communities Inc. v. City of San Jose,* 420

2 F.3d 1022 (9th Cir. 2005).  In *MHC,* on a motion to dismiss, a landlord's claims were held to be

3 unripe by the district court because the landlord did not first attempt to raise rent through

4 administrative procedures.  The Ninth Circuit affirmed the district court's decision.  In its decision,

5 the Ninth Circuit emphasized that *MHC* "never engaged in the administrative process."  *Id.* at 1033.

6 Hence, the court reasoned, "due process has not been denied because no process was pursued."  *Id.*

7    The County argues that Burleigh's claims must fail because he did not appeal the denial of

8 his application.  However, the County misinterprets the scope of *MHC*.  In *MHC*, the Ninth Circuit

9 found the claims were unripe because the plaintiff in that case *never* engaged in the administrative

10 process.  Rather, the landlord in *MHC,* after initially filing for permits and pursing a claim through

11 the administrative process subsequently "pursued a second avenue" for raising rents outside of the

12 administrative process: "MHC never petitioned the City's administrative process to raise the

13 Individual Defendants' rent.  Instead, MHC sued the City and the Individual Defendants in federal

14 court."  *MHC*, 420 F.3d at 1028.  In the instant case, Burleigh did administratively apply for a

15 permit.  Burleigh alleges that his attempts were thwarted by the County based upon its baseless

16 zoning decision.  Accordingly, *MHC* is not controlling here.[5]

17    **4.    Factual Support for Due Process and Equal Protection Claims**

18    Burleigh's equal protection and due process claims set forth in his second and third claims for

19 relief appear to be based upon the standards discussed in *Carpinteria*, *supra*, and *North Pacifica*

20 *LLC v. City of Pacifica*, 526 F.3d 478 (2008).  Burleigh's pleading and arguments are not models of

21

22 ───────────────

23 [5]    The Second Unit Law does not supersede the California Coastal Act.  Thus, even if the court were to grant Burleigh the relief he seeks, which would be to grant him a permit under the Second Unit Law, he would still be subject to regulation by the Coastal Commission.  An attachment

24 to a memorandum discussing Assembly Bill 1866 states "[w]hile second-units utilize existing built areas and usually have minimal environmental impact, the need for second-units should be balanced

25 against the need to preserve our unique costal resources.  For these reasons, second-unit law shall not supersede, alter or lessen the effect or application of the California Coastal Act (Division 20 of

26 the Public Resources Code), except that local governments shall not be required to hold public hearings for coastal development permit (CDP) applications for second-units (Government Code

27 65852.2(j))."  Second Unit Law as Amended by Chapter 1062, Statutes of 2002 (Assembly Bill 1866) at pg. 8.

28

1   clarity but his equal protection claim appears premised on alleged unique treatment rather than on

2   classification.  He has failed to show that he is a member of a class of applicants who have had their

3   permit applications under the Second Unit Law denied.  Therefore, any viable equal protection claim

4   must be as a "class of one." *North Pacifica LLC*, 526 F.3d at 486.  "In order to claim a violation of

5   equal protection in a class of one case, the plaintiff must establish that the City intentionally, and

6   without rational basis, treated the plaintiff differently from others similarly situated.  A class of one

7   plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as

8   opposed . . . to being an accident or a random act.'" *Id.* (citations omitted).

9          Burleigh's due process claim seems to be predicated on essentially the same facts as his equal

10  protection claim.  To show a substantive due process claim, Burleigh must show that the County's

11  processing of his application under the Second Unit Law was arbitrary or that the County made

12  unreasonable requests designed to prevent or delay Burleigh's ability to obtain and proceed with a

13  permit to build his desired caretaker unit.  *See id.* at 485 (to maintain a substantive due process

14  claim, a plaintiff must show that the delays and processing requirements lacked a relationship to a

15  government interest); *Carpinteria*, 344 F.3d at 830 (due process violation where County's

16  requirements, delays and fees were imposed in retaliation for First Amendment right to publicly

17  criticize County).

18         The court finds both parties' briefing of little help in sorting out whether there are facts that

19  legitimately support Burleigh's second and third claims.  Neither party has presented an

20  understandable analysis, at least that this court understands, of the requirements to obtain a permit

21  under the Second Unit Law.  The court does not follow the analysis offered by Mike Novo, the

22  current Planning Director for the County, reaching the conclusion that Burleigh's property is not

23  zoned residential.  Therefore, the court cannot tell whether the actions taken on Burleigh's 2007

24  application under Government Code § 65852.2 have a rationale relationship to a legitimate

25  governmental interest.  On the other hand, Burleigh has not offered an understandable explanation of

26  why he is entitled to the permit, nor explained his apparent refusal to fulfill certain County imposed

27  requirements.  The court also has trouble following the alleged connection between his letter

28

1  criticizing the Planning Department (Burleigh makes no allegations of retaliation in his petition) and

2  the County's actions.  The court, therefore, denies without prejudice the County's motion for

3  summary adjudication of Burleigh's second cause of action (equal protection) and third cause of

4  action (due process).

5  **IV. ORDER**

6        Good cause therefor appearing, it is hereby ordered the County's motion for summary

7  judgment is granted as to the first cause of action and denied without prejudice as to the second and

8  third causes of action.  The case is reset for a case management conference on September 12, 2008.

9

10  DATED:      08/11/08                       *Ronald M. Whyte*

11                                         RONALD M. WHYTE
                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **A copy of this order was mailed on _____08/11/08_____ to:**

2   **Plaintiff (pro se):**

3   William Burleigh
    1 Paso Hondo
4   Carmel Valley, CA 93924

5

6   **Counsel for Defendants:**

7   Frank G. Tiesen              Email: tiesenf@co.monterey.ca.us

8

9   Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

10

    DATE:____08/11/08_____                 _____s/JSS_____
11                                          Chambers of Judge Whyte

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT"S MOTION FOR SUMMARY JUDGMENT — No.
C-07-02332 RMW
JSS                                    11