*E-filed on*: __08/11/08__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM B. BURLEIGH<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MONTEREY, A Public Entity, and DOES 1 to 20<br><br>    Defendants. | No. C-07-02332 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>**[re: docket no. 101]** |

Plaintiff William B. Burleigh ("Burleigh") moves for leave to submit an amended complaint. Defendant the County of Monterey ("County") opposes the request. The court has read the moving and responding papers and considered the arguments of counsel. For the following reasons, the court denies the motion.

**I. BACKGROUND**

Burleigh is the owner of a ten acre site in Big Sur, California that has a land use designation of Watershed and Scenic Conservation under the Big Sur Coast Land Use Plan and is zoned

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT — No. C-07-02332 RMW
JSS

WSC/40 (Watershed and Scenic Conservation/40 acres per unit). Burleigh filed an application with the County in early 2007 for a permit to build a second unit cottage on his property under California Government Code § 65852.2 ("Second Unit Law"), a statute governing applications made after July 1, 2003 for second units and authorizing a new procedure for such applications.[1] The County, through its Acting Planning Director, decided that Burleigh did not qualify under the section because his property was not "residentially zoned" as required by the statute.

On May 15, 2007, the County's Planning Director advised Burleigh in detail that the County did not believe that Government Code § 65852.2 applied to his property but that he could appeal that decision to the Planning Commission. Burleigh chose not to do so. On April 4, 2007, Burleigh filed the current Petition for Writ of Mandate and Other Relief in state court. The County removed the matter on April 23, 2007 on the basis that Burleigh's primary basis for relief is the alleged violation of 42 U.S.C. § 1983.

A scheduling order was set in this case on September 4, 2007, which indicated that factual discovery would close on November 5, 2007. On March 5, 2008, Burleigh filed an "Amendment to Petition to Include Defendants in Lieu of Doe Defendants." On March 18, 2008, the court issued an order directing Burleigh that he would have to either obtain consent from the County or seek leave of the court to file an amended pleading. The court gave Burleigh 20 days to file a motion. On April 2, 2008, Burleigh filed a document he entitled "Motion for leave of Court to file additional Defendants." However, this motion did not include any pleading setting out the allegations he wished to make against any of the proposed defendants nor were any allegations included in the motion. Accordingly, the court, cognizant of Burleigh's *pro se* status, denied the motion without prejudice to Burleigh filing a new motion along with an amended pleading setting forth the allegations Burleigh seeks to make against the defendants he proposed to add. On June 23, 2008 Burleigh filed a new motion for leave to add additional defendants and included a copy of his proposed amended complaint. The County opposes the motion.

---

[1] Burleigh applied for this permit after the revocation of his Coastal Development Permit. The denial of the Coastal Development Permit was the subject of dispute in the state court action referenced in this order.

## II. ANALYSIS

Within certain time limits, a party may amend the party's pleading once as a matter of course; thereafter, amendments require consent of the adverse party or leave of court. Fed. R. Civ. P. 15(a). Generally, leave shall be freely given when justice so requires. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). This policy is "to be applied with extreme liberality." *Id.* Nevertheless, leave is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). Whether to allow leave to amend is within the discretion of the district court. *Id.* A district court may deny a party's request to amend a pleading where the amendment: (1) produces an undue delay in litigation; (2) is sought in bad faith or with dilatory motive; (3) unduly prejudices the adverse party; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 951 (9th Cir. 2006).

Burleigh moves to amend his pleading to add twelve defendants to the instant action including: Scott Hennessey, Alana Knaster, Jeff Main, Lautaro Echiburu, Bill Dunn, John Floyd, Shandell Brunk, Wendy Strimling, Frank Tiesen, Mike Novo, and Dale Ellis. Burleigh asserts that he determined that these individuals were appropriate to add to the instant action after taking numerous depositions. The County opposes the motion and asserts that the motion should be denied for undue delay, is made in bad faith, and will prejudice the County.

First, regarding undue delay, the County asserts that for six of the defendants Burleigh seeks to add, he had learned of the facts of their involvement more that four years ago. These defendants include Hennessey, Knaster, Dunn, Main, Echiburu, and Floyd. For support, the County asserts that these six defendants were named in Burleigh's state court action.[2] Regarding the remaining six defendants, the County asserts that Burleigh should have been aware of any facts necessitating an amendment to the complaint by the end of fact discovery, which occurred on November 5, 2007. The County asserts that Burleigh has no explanation as to why he delayed until March, 2008 to add any of the twelve defendants, especially given that at least six of the defendants were defendants in

---

[2] The County requests the court take judicial notice of the state court pleading. The court grants the request.

the state court action.

In deciding whether to grant leave to amend a complaint, a district court may consider the factor of undue delay, although delay alone is insufficient to justify denying a motion to amend.[3] *Bowles v. Reade,* 198 F.3d 752, 757-58 (9th Cir. 1999). Relevant to evaluating delay is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *AmerisourceBergen,* 465 F.3d at 954. The Ninth Circuit has previously held that an eight-month delay between acquiring the requisite facts and seeking amendment is unreasonable. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir. 1991). On the other hand, the Ninth Circuit also affirmed the lower court's decision to grant a motion to amend despite the fact that the motion was made five years after the third-party complaint had been filed. *See Howey v. U.S.,* 481 F.2d 1187, 1191 (9th Cir. 1973). In *Howey*, the court determined that the amendment should have been granted because it found that even though there was delay, there was no evidence that the opposing party would be prejudiced. *Id.* at 1190.

In the instant case, the court finds Burleigh's delay is not excusable because Burleigh does not state any newly discovered facts regarding any of the twelve defendants that would explain the delay. Rather, the motion sets forth facts that were known to Burleigh even at the time he filed his original pleading. Burleigh attempts to justify the delay by stating that he was delayed in filing his motion to amend because of 'matters out of his control." Reply, pg. 2. These matters include having to respond to motions filed by the County, that his house burned down in the Big Sur fire that was started in June, and that his wife had to have shoulder surgery in July. *Id.* However, as to the personal matters, these matters occurred after the original motion to amend was made in March. The court is not persuaded by Burleigh's assertion that he could not file his motion to amend because he was responding to motions filed by the County. It is also unclear why Burleigh did not include these defendants in his original pleading.

---

[3] The County asserts that *AmerisourceBergen* stands for the proposition that an unexplained delay alone may be a sufficient basis for denying leave to amend. The County is incorrect. In *AmerisourceBergen*, the Ninth Circuit affirmed the district court's denial of leave to amend because the motion was both untimely and prejudicial. *See also Howey*, 481 F.2d 1190-91 (stating that refusing an amendment solely on the basis of delay would hinder justice.)

The County further asserts that Burleigh has filed his motion to amend to avoid summary judgment, and is thus made in bad faith and that the amendment will cause prejudice to the County because it is made well after the close of discovery and after dispositive motions have been filed. The court is not persuaded that Burleigh's motion was made in bad faith, especially given Burleigh's *pro se* status and his frustration with respect to the status of his property.[4]  However, the court agrees with the County that Burleigh's proposed amendments will significantly prejudice the County because it was made well past the close of fact discovery, would delay the proceedings, and would necessitate further motion practice, if not the re-opening of discovery, to set out the theories and bases of liability of the new defendants. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998).  Accordingly, the court denies the motion to amend to add the additional defendants.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED Burleigh's motion to amend is DENIED.

DATED:      08/11/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[4] The court does not mean to imply that Burleigh's actions are legally and objectively reasonable–only that Burleigh appears to be sincere in his frustration.

**A copy of this order was mailed on        08/11/08              to:**

**Plaintiff (pro se):**

William Burleigh
1 Paso Hondo
Carmel Valley, CA 93924

**Counsel for Defendants:**

Frank G. Tiesen                Email: tiesenf@co.monterey.ca.us

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

DATE: 08/11/08                                              s/JSS
                                                    Chambers of Judge Whyte

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT — No. C-07-02332 RMW
JSS                                                         6