**E-filed on**:  4/9/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM B. BURLEIGH<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, A Public Entity, and DOES 1 to 20<br><br>　　　　Defendants. | No. C-07-02332 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 121]** |

Presently before the court is defendant County of Monterey's renewed motion for summary judgment on plaintiff's two remaining claims for relief, the second cause of action for denial of equal protection and the third cause of action for deprivation of due process. The motion came on for hearing before the court on March 27, 2009. Having considered the papers submitted by the parties and for good cause appearing, defendant's motion is granted.

In opposing defendant's motion for summary judgment, plaintiff had the burden of presenting specific facts showing there to be a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Plaintiff has not done so.

With regard to plaintiff's second cause of action for denial of equal protection, plaintiff has not come forward with evidence to establish a genuine issue of material fact on the equal protection

claim: he has not identified evidence to show he is a member of a suspect class, nor has he identified evidence that he has been treated differently than anyone else in the County (i.e., that other similarly situated property owners have been allowed to build second units whereas he has been denied that ability). Accordingly, the claim fails as a matter of law, and defendant is entitled to summary judgment.

Similarly, plaintiff has also failed to identify any evidence to support his third cause of action asserting a deprivation of due process. The petition alleges that plaintiff was denied due process when the County "falsely stated that his property was not zoned residential and urged him to appeal that decision." ¶14. The county argues that the claim fails because plaintiff has no constitutionally protected right that has been violated. Applying for a building permit does not afford a protected property right, and without a protected right, there can be no denial of due process. Moreover, even if plaintiff had identified a protected property right, in order to establish a substantive due process claim, plaintiff would have to establish that the County's determination that the Second Unit Law did not apply to property zoned Watershed and Scenic Conservation was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." See Airtouch Cellular v. City of El Cajon, 83 F. Supp. 1158, 1170 (S. D. Cal. 2000). Plaintiff has failed to do so. Accordingly, defendant is entitled to summary judgment.

For good cause appearing for the foregoing reasons, defendant County of Monterey's motion for summary judgment is GRANTED.

DATED:     4/9/09

RONALD M. WHYTE  
United States District Judge

2

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

Frank G. Tiesen          tiesenf@co.monterey.ca.us
Kathryn Reimann          reimannk@co.monterey.ca.us

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**A copy of this order has been mailed to:**

**Plaintiff (pro se):**

William Burleigh
1 Paso Hondo
Carmel Valley, CA 93924

DATED:   4/9/09                                        TER
                                              Chambers of Judge Whyte

3